UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT BOURLAND AND ALYSON BOURLAND,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 5:19-cv-08456-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Plaintiffs Robert and Alyson Bourland initiated this suit in state court against Defendants Ford Motor Company ("FMC") and Sunrise Ford ("Sunrise"), asserting claims for breach of implied and express warranties under California's Song-Beverly Consumer Warranty Act, violation of the federal Magnuson-Moss Warranty Act ("the Magnuson-Moss Act"), negligent repair, and fraud. FMC removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a) as well as asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal ("Notice") 1, Dkt. No. 1. Plaintiffs now move to remand asserting that removal on those grounds was improper. Motion to Remand, Dkt. No. 17. The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the Parties' papers, the Court **GRANTS** Plaintiffs' motion to remand.

## I.   BACKGROUND

### A.  Factual Background

In mid-January, 2012, Plaintiffs purchased a 2012 Ford F-250 ("the Vehicle"), which was

United States District Court
Northern District of California

manufactured and distributed by Defendant FMC. Notice, Exhibit D First Amended Complaint ("FAC") ¶ 8, Dkt. No. 1-4. In connection with the Vehicle's purchase, Plaintiffs received an express written warranty, including "a 3-year/36,000-mile express bumper to bumper warranty and a 5-year/60,000-mile powertrain warranty which, inter alia, cover[ed] the engine and transmission." *Id.* ¶ 9. The warranty provided, in relevant part, if the Vehicle developed a defect during the warranty period, Plaintiffs could deliver the Vehicle for repair services to FMC or their representatives. *Id.* During the warranty period, the Vehicle did in fact develop defects relating to the engine such as: defects causing the water pump to leak, defects causing loss of power, defects causing the fuel fluid to leak, defects causing failure and/or replacement of the gasket bracket, and a host of other defects. *Id.* ¶ 10. In connection with these defects, Plaintiffs delivered the Vehicle to Defendant Sunrise[1] for substantial repair on at least one occasion. *Id.* ¶ 50. Plaintiffs allege that Sunrise was negligent in "failing to properly store, prepare and repair the Subject Vehicle in accordance with industry standards." *Id.* ¶ 52.

Plaintiffs allege that as a result of the defects, breaches of warranty committed by FMC, and the negligence of Sunrise, they suffered damages "in a sum to be proven at trial in an amount that is not less than $25,001.00." *Id.* ¶ 12. In the prayer for relief, Plaintiffs seek, among other relief, actual damages, restitution, a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to California Civil Code section 1794, subdivision (c) or (e), punitive damages, as well as reasonable attorneys' fees. *Id.* at Prayer.

### B.  Procedural Background

On October 15, 2019, Plaintiffs filed this action in Santa Clara County Superior Court. Notice, Exhibit A Original Complaint ("Original Compl."), Dkt. No. 1-1. Plaintiffs filed an amended complaint on November 25, 2019, correcting an error in the original complaint

---

[1] In the FAC and original complaint, Plaintiffs actually allege that they delivered the Vehicle to "Defendant BMW SD." Such a defendant is mentioned nowhere else in the action, nor does Bayerische Motoren Werke AG, commonly referred to as BMW, have anything to do with this action involving a Ford vehicle. Given that the remainder of the seventh cause of action, and the action overall, refers to Sunrise Ford, the Court assumes that the reference to BMW is an error.

CASE NO. 5:19-cv-08456-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

misidentifying the vehicle and amending the description of defects, but otherwise leaving the causes of action essentially unchanged. *Compare* FAC ¶¶ 8, 10 *with* Original Compl. ¶¶ 8, 10. On December 30, 2019, Defendants removed this case to federal court. Notice.

Thereafter, on July 28, 2020, Plaintiffs moved to remand this case to state court, challenging Defendants assertions of subject matter jurisdiction. Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Remand ("Mem. P. & A.") 1, Dkt. No. 17-1.[2] Defendants filed their opposition on August 11, 2020. Opposition to Plaintiffs' Motion to Remand ("Opp.") 1, Dkt. No. 18. Finally, Plaintiffs filed a reply on August 18, 2020. Reply in Support of Plaintiffs Motion to Remand ("Reply"), Dkt. No. 20.

## II.    LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). An action in which a federal question is involved, or over which a court has diversity jurisdiction, is thus removable. *See* 28 U.S.C. §§1331-32. However, there is a "strong presumption against removal jurisdiction," and a defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts").

A motion to remand due to a procedural defect may be made within 30 days after the filing of a notice of removal, but if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C § 1447(c). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Indeed, federal courts

---

[2] Plaintiffs' accompanying request for judicial notice of district court decisions is granted.

CASE NO. 5:19-cv-08456-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566).

## III.    DISCUSSION

Defendants assert two alternative bases for removal. First, they assert that this Court has federal question jurisdiction over the claim for relief based on the Magnuson–Moss Act, and supplemental jurisdiction over Plaintiffs' additional state-law claims pursuant to 28 U.S.C. § 1367. Notice ¶ 19. Second, Defendants assert that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. Notice ¶ 44. In response, Plaintiffs argue that (1) FMC has not shown that the amount in controversy exceeds $50,000 as required by the Magnuson-Moss Act, and so federal question jurisdiction is improper, Mem. P. & A. at 4, and (2) diversity jurisdiction does not exist both because the amount in controversy is not met, as well as because Defendant Sunrise destroys complete diversity between the parties, *id.* at 2. The Court now addresses these arguments.

### A.  Federal Question

Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Magnuson-Moss Act, which is a federal statute governing warranties on consumer products, provides that no claim shall be cognizable in a district court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(b). The Ninth Circuit has held that "the amount in controversy includes *all* relief to which the plaintiff is entitled if the action succeeds." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (emphasis in original) (finding that attorneys' fees could be included under the Class Action Fairness Act despite its similar language excluding "interest and costs", and specifically rejecting a Seventh Circuit decision excluding attorneys' fees from Magnuson-Moss Act calculations). Ordinarily, when a complaint "alleges on its face an amount in controversy sufficient to meet the

United States District Court
Northern District of California

United States District Court
Northern District of California

federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). However, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

### 1. Legal Certainty

Defendants first contend that, on its face, Plaintiffs' complaint alleges "more than $25,001 in damages, plus (2) two times the amount of damages, i.e., more than $50,002, as a penalty," Opp. at 4, and hence that the "legal certainty" standard should apply. In response, Plaintiffs argue that "the word, 'damages,' references Plaintiffs' *total* damages, which include: 1) actual damages; 2) civil penalties; 3) attorney's fees; *and* 4) punitive damages." Mem. P. & A. at 6. Defendants argue that the "legal certainty" test has been "applied to complaints virtually identical in relevant part to the complaint at issue here." Opp. at 4 (analogizing to *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683 (N.D. Cal. May 15, 2018). In *Bernstein*, however, the complaint alleged that "[t]he amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS. ($25,000.00), *exclusive* of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. *In addition*, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." *Bernstein*, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018) (emphasis in original). By contrast, Plaintiffs here make no mention in the body of their complaint of excluding interests and costs, and do not mention seeking "exemplary" damages as well as attorneys' fees separately. FAC ¶ 12.

Additionally, while Plaintiffs' Prayer does distinguish between actual damages, civil penalties, etc., if the damage estimate in the body of the complaint "is not repeated in the Prayer

CASE NO. 5:19-cv-08456-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

1    for Relief … the complaint fails to allege a sufficiently specific total amount in controversy."

2    *Guglielmino*, 506 F.3d at 701 (finding that "[t]he uncertainty which is inherent in the [plaintiffs']

3    Prayer for Relief place[d] this case within the *Sanchez* rule," and concluding that the

4    "preponderance of the evidence" standard applied) (citing *Sanchez*, 102 F.3d at 404); *see also*

5    *Trahan v. U.S. Bank Nat. Assoc.*, 2009 WL 4510140, at *3 (N.D. Cal. Nov. 30, 2009) (explaining

6    that because the plaintiff did not repeat his jurisdictional disclaimer in his Prayer for Relief, the

7    complaint was ambiguous and the preponderance of the evidence standard applied), *aff'd sub nom.*

8    *Trahan v. U.S. Bank Nat. Ass'n*, 379 F. App'x 628 (9th Cir. 2010). Because there is ambiguity as

9    to whether the $25,001 in "damages" alleged by Plaintiffs in paragraph 12 are total damages or

10   actual damages and because no such specific allegation is repeated in the Prayer, this Court must

11   apply the preponderance of the evidence standard. *Guglielmino*, 506 F.3d at 701.

### 2.  Preponderance of the Evidence

13           Defendants next rest their position on two particular forms of relief sought by Plaintiffs:

14   restitution for the contract price of the Vehicle with accompanying civil penalties and attorneys'

15   fees. Opp. at 7. Turning first to the contract price, Defendants have shown that the total price of

16   the Vehicle purchased by Plaintiffs in 2012 was $62,726.56. Opp. Exhibit 3, Motor Vehicle Retail

17   Installment Sales Contract ("Sales Contract"), Dkt. No. 19-3. Defendants assert that this contract

18   price, plus two times such in civil penalties, will easily surmount the requisite amount in

19   controversy. Notice ¶ 17. The contract price, however, is subject to a "mileage offset" which

20   reduces the amount to be paid by "that amount directly attributable to use by the buyer prior to the

21   discovery of the nonconformity." Cal. Civ. Code § 1783.2(d)(2)(C). Defendants argue that this

22   offset is irrelevant to the amount in controversy, but cite no authority in support of their position.

23   Opp. at 8. Defendants are mistaken; a mileage offset is both relevant and important to the

24   calculation of amount in controversy. *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D.

25   Cal. May 14, 2020) (finding that the plaintiff was "correct that the mileage offset may reduce the

26   amount in controversy," and that where the defendants "neglected to take the mileage offset into

27

28   CASE NO. 5:19-cv-08456-EJD
     ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

United States District Court
Northern District of California

United States District Court
Northern District of California

account, they failed to meet their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle."); *Quinones v. FCA US LLC*, 2020 WL 4437482, at *1 (C.D. Cal. July 31, 2020) (finding that "[w]ithout information about Plaintiff's use of the vehicle (such as the number of miles driven), the Court is left with considerable doubt as to the amount in controversy."); *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (holding that "[c]onsideration of the Use Offset was appropriate," and recognizing that "an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable.'"). In this case, Defendants have not submitted any evidence (such as the mileage on the Vehicle when it was brought in for repair to Defendant Sunrise) that would allow this Court to determine the actual damages for the amount in controversy. *See, e.g., Mullin*, 2020 WL 2509081, at *3.[3]

Defendants next contend that when attorneys' fees in this case are added to damages the amount in controversy exceeds the jurisdictional amount. As mentioned previously, the Ninth Circuit has held that "the amount in controversy includes *all* relief to which the plaintiff is entitled if the action succeeds" ( *Fritsch*, 899 F.3d at 795), which in this case includes attorneys' fees pursuant to Civil Code section 1794(d). *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). "The defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 927–28. The Ninth Circuit has left it to the district courts "to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative." *Fritsch*, 899 F.3d at 795. The removing

---

[3] Nearly one month after the reply was filed, Defendants filed a request to submit a supplemental declaration "specifically to address the issue of the mileage offset and its effect on the amount in controversy." Request to Submit Supplemental Declaration 1, Dkt. No. 25. "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." N.D. Cal. LR 7-3(d). Defendants offer no explanation for the late submission. In the absence of good cause for the late submission, the Court will not consider Defendants' proffered mileage offset.

CASE NO. 5:19-cv-08456-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
7

1   defendant must use "summary-judgment-type evidence" to show that it is "more likely than not"

2   that the amount in controversy (including attorneys' fees) exceeds $50,000. *Id.*

3        In support of their attorneys' fees calculation, Defendants filed only a declaration showing

4   that (1) claims for attorneys' fees in these cases regularly approach or exceed $50,000 and (2)

5   recent fee demands by Plaintiffs' counsel exceed $200,000 in three Song-Beverly cases involving

6   other car manufacturers. Opp. at 7-8. Plaintiffs argue that this is not evidence, but "pure

7   speculation." Mem. P. & A. at 9. The Court agrees with Plaintiffs—none of the evidence supports

8   Defendants' theory that *in this case* the attorneys' fees amount to more than $50,000. Defendants

9   provide nothing more than mere conjecture. Indeed, all that underlies their conclusion that "claims

10  for attorneys' fees in these cases regularly approach or exceed $50,000," Opp. at 7, is a

11  declaration, executed by Defendants' counsel, that speculates "it is not uncommon, and in fact

12  quite regular, for attorneys' fees and cost awards … to exceed $50,000," Declaration of Counsel in

13  Support of Defendants Opposition ("Harlow Decl.") ¶ 5, Dkt. No. 19. Courts in this district

14  routinely hold that such evidence insufficient. *See, e.g.*, *Makol v. Jaguar Land Rover N. Am., LLC*,

15  2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018); *see also Schneider v. Ford Motor Co.*, 441 F.

16  Supp. 3d 909, 914 (N.D. Cal. 2020).

17       The Plaintiffs' complaint does not on its face exceed $50,000. Defendants have failed to

18  provide any evidence which could be used to determine the proper mileage offset to the contract

19  price. And Defendants do not provide any evidence that attorneys' fees in this case are likely to

20  exceed $50,000. Accordingly, this Court, mindful of the strong presumption against removal

21  jurisdiction, finds that it lacks federal question jurisdiction.

22       **B.  Diversity Jurisdiction**

23       Title 28 U.S.C. § 1332(a) grants district courts "original jurisdiction of all civil actions

24  where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

25  costs, and is between—(1) citizens of different States." This statute carries its own amount in

26  controversy requirement, and "[t]here is nothing in the text of the Magnuson–Moss Act that would

27

28  CASE NO. 5:19-cv-08456-EJD
    ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

United States District Court
Northern District of California

indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005); *Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *3 (S.D. Cal. May 22, 2018) (same). For the reasons already stated, the Court finds that Defendants have failed to establish by a preponderance of evidence that the amount in controversy exceeds $50,000 for purposes of Plaintiffs' Magnuson-Moss Act claim. It follows that the amount in controversy requirement for diversity jurisdiction has not been satisfied, and this Court need not address whether Defendant Sunrise is a fraudulent defendant.

## IV.    CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiffs' motion to remand the case to Santa Clara County Superior Court. Defendants have not met the amount in controversy requirement of the Magnuson-Moss Act, and so this court lacks subject matter jurisdiction as a federal question. Defendants have also not met the amount in controversy requirement for diversity. The Clerk of the Court is directed to **REMAND** this case to the Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: September 29, 2020

_____
EDWARD J. DAVILA
United States District Judge